UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Dennis, #301563,

        Plaintiff,                          Hon. Robert J. Jonker

v.                                        Case No. 1:19-cv-724

Jared Revolt,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 11).  Plaintiff alleges that Defendant violated his Eighth Amendment rights by failing to protect him from an attack by another prisoner.  Defendant moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her

case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).    Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.    The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.    *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005).    The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).    Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Prisoners are no longer required to demonstrate exhaustion in their complaints.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Id*.  With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.  Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days

after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration."   Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P (July 9, 2007).[1]   If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance.   *Ibid.*   The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff.   *Id.* at ¶ V.   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."   *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.   *Id.* at ¶ BB.   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   *Id.* at ¶ FF.   The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.   *Ibid.*

---

[1] On March 18, 2019, this version of the policy was superseded by the now current version.   A copy of the version relevant to this matter has been submitted as an attachment to the current motion.   (ECF No. 12-2, PageID.48-54).

In his complaint, Plaintiff alleges that he was attacked by another prisoner on March 11, 2018.   (ECF No. 1).   Plaintiff further alleges that Defendant's failure to protect him from this attack violated his Eighth Amendment rights.   In support of the present motion, Defendant has submitted a copy of the grievance Plaintiff filed regarding this incident.   (ECF No. 12-3, PageID.58-61).   On April 20, 2019, more than thirteen months after the incident in question, Plaintiff submitted a Step I grievance alleging that Defendant failed to protect him from attack on March 11, 2018.   (ECF No. 12-3, PageID.61).   Plaintiff's Step I grievance was rejected as untimely.   (*Id.*, PageID.61). Plaintiff's Step II grievance was rejected as untimely, not based upon the timing of Plaintiff's Step I grievance, but rather because Plaintiff failed to timely submit his Step II grievance.   (*Id.*, 60).   This determination was affirmed at Step III.   (*Id.*, 58).

Plaintiff does not argue that he filed any other grievance regarding the March 11, 2018 incident.   Instead, Plaintiff takes issue with the conclusion that his grievance was untimely.   Specifically, Plaintiff argues that due to the injuries he suffered in the attack, he was not able to file a Step I grievance until thirteen months later.   Even if the Court assumes that such would render Plaintiff's Step I grievance timely, Plaintiff has failed to present any evidence supporting this argument.   While it may have been reasonable under the alleged circumstances to expect Plaintiff's Step I grievance to be delayed, Plaintiff has presented no evidence supporting his argument that his thirteen-month delay was necessary, reasonable, or consistent with MDOC policy.

As for Plaintiff's argument that his Step II grievance was, in fact, timely filed, the Court again notes that Plaintiff has presented no evidence in support of his argument. The grievance itself indicates that it was untimely filed and Plaintiff has presented no evidence to the contrary.   Moreover, even if Plaintiff's Step II grievance had been timely filed, the result would be the same given the untimeliness of Plaintiff's Step I grievance. Accordingly, the undersigned concludes that Defendant has met his burden to demonstrate that Plaintiff failed to properly exhaust his administrative remedies.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 11), be granted and this action terminated. The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 9, 2020                      /s/ Phillip J. Green
                                         PHILLIP J. GREEN
                                         United States Magistrate Judge