UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DENNIS,

       Plaintiff,

                                        CASE NO. 1:19-CV-724

v.

                                        HON. ROBERT J. JONKER

JARED REVOLT,

       Defendant.

_____/

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION and
DENYING MOTION TO AMEND**

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 19) and Plaintiff's Objections (ECF No. 21). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. The Court finds the Magistrate

Judge's Report and Recommendation, which recommends granting Defendant Revolt's motion for summary judgment (ECF No. 11), factually sound and legally correct.

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. Plaintiff's objections do not address the Report and Recommendation persuasively. Plaintiff has not explained in any way why the thirteen-month delay in filing a grievance was warranted. The materials Plaintiff attached to his objections are not properly before the Court, and even if the Court were to consider them, they simply underscore the point that nothing supports the thirteen-month delay. At most, the Emergency Department Report included in the attachment reflects a diagnosis of probable concussion, with Plaintiff discharged immediately after a medical exam with instructions to staff to monitor. (ECF No. 21-4, PageID.94.) None of the other materials appear to relate to the same time frame. None of Plaintiff's objections change the fundamental analysis in this matter. Defendant Revolt is entitled to summary judgment in his favor based on a lack of exhaustion, for the very reasons detailed in the Report and Recommendation.

On March 12, 2020, Plaintiff filed a document entitled "Request to Amend Complaint." (ECF No. 20.) The substance of the filing reflects that Plaintiff is seeking not to amend his complaint, but to gain discovery. The motion is not well-taken. There is no basis for Plaintiff to pursue discovery.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 19) is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendant Revolt's Motion for Summary Judgment (ECF No. 11) is **GRANTED**.

3. Plaintiff's Motion to Amend (ECF No. 20) is **DENIED**.

4. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

This case is **CLOSED**.

Dated:     April 8, 2020              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE